## Baldwin v. McGrath (No. 2)

*K. F. Ralph Rochow*, for Commonwealth.
*Fred E. Gilgore*, for defendants.

ERB, *J.*, August 24, 1978—Defendant, William J. McGrath, has filed a motion for a protection order under Pa.R.C.P. 4012 concerning depositions requested by plaintiff, which are before the court for determination.

Plaintiff, William Baldwin, Jr., and defendants, William J. McGrath, Joseph D. McMemamin and H. Brooker Mills, II, are doctors of osteopathy and members of the Department of Internal Medicine of the Memorial Osteopathic Hospital. Defendant McGrath is the chairman of the department. Defendants suspended plaintiff from performing electrocardiographic interpretations and overreads.

Pa.R.C.P. 4012(a) provides that upon motions seasonably made by the party to be examined, the court may enter a variety of orders to prohibit the deposition; to limit the scope of the examination, to direct that the deposition be sealed or to allow that certain matters shall not be inquired into.

Defendants first take the position that all of the information and material sought by plaintiff is non-discoverable by reason of the Peer Review Protection Act of July 20, 1974, P.L. 564, sec. 1, 63 P.S. §425.1, which provides in section 4 that proceedings and records of a review committee shall not be the subject of discovery.

Plaintiff argues that the protection of this act is not applicable since the act has been superceded by the 1972 amendments to the Social Security Act of August 14, 1935, as amended October 30, 1972, 86 Stat. 1429, 42 U.S.C.A. §1320(c), which provide for the establishment of regional professional standards review organizations, and since the actions taken by the defendants were not as a peer review organization as contemplated by the act.

Plaintiff's first position is not well taken, since the purposes of the two legislative enactments are not similar and the function of the review organization is different. In such situations, the courts have recognized the effectiveness of both governmental enactments, and have held that the Federal action has not pre-empted the state regulation. See Huron Portland Cement Company v. City of Detroit, 362 U.S. 440 (1960), and Goldstein v. California, 412 U.S. 546 (1973).

Plaintiff next argues that the actions taken by defendants were not contemplated by the act.

Section 2 of the act defines a review organization as follows:

"[A]ny committee engaging in peer review, including a hospital utilization review committee, a hospital tissue committee, a health insurance review committee, a hospital plan corporation review committee, a professional health service plan review committee, a dental review committee, a

physicians' advisory committee, a nursing advisory committee, any committee established pursuant to the medical assistance program, and any committee established by one or more State or local professional societies, to gather and review information relating to the care and treatment of patients for the purposes of (i) evaluating and improving the quality of health care rendered; (ii) reducing morbidity or mortality; or (iii) establishing and enforcing guidelines designed to keep within reasonable bounds the cost of health care. It shall also mean any hospital board or committee reviewing the professional qualifications or activities of its medical staff or applicants for admission thereto."

Section 2 of the act further defines peer review as follows: " . . . the procedure for evaluation by health care professionals of the quality and efficiency of services ordered or performed by other health care professionals, including practice analysis, inpatient hospital and extended care facility utilization review, medical audit, ambulatory care review, and claims review."

While the act is silent concerning the procedure for establishing a review organization, obviously some definitive action would have to be taken before such an organization, vested with the authority to sanction individuals licensed to practice in the health care fields, could legally function.

There is no evidence in this case that defendants were acting as such an organization which had been so established. As late as October 16, 1976, the Joint Conference Committee, in executive sessions, recommended that the Board of Directors consider peer review for all professional areas of the hospital. Their recommendation indicates that the

Joint Conference Committee, at least, did not acknowledge that such a program had been established at a point in time subsequent to the activity which is the subject of the action which is now before the court.

Defendants argue that article 6, sec. 3, of the by-laws of the hospital provides for peer review. This section provides:

"The chairman, or in his absence, the senior members of the Department immediately present, shall have the duty and right to stop or reject any procedure or therapy which is not in his opinion compatible with accepted osteopathic or medical practice or which would threaten the life of the patient concerned. The physician so corrected shall have the right and privilege of the review of the Act to the Executive Committee and through them to the Joint Conference Committee."

This section, however, addresses the prevention, in the immediacy of the moment, of a procedure or therapy which would threaten the life of the patient, either by the chairman or senior head of a department present. This interpretation is buttressed by the requirement that the person stopping or rejecting the procedure be "immediately present." Further, nowhere does this section provide for the action of an organization to review or suspend a physician's privilege to practice, except that it gives the executive committee the right to review the stopping or rejecting of a procedure or therapy by the chairman or senior member of the department.

We conclude that the action taken at the meeting of defendants was not authorized under the act

and, therefore, is not entitled to the protections afforded thereby.

Further, as we have indicated in our opinion on defendants' preliminary objections, the complaint alleges that the acts of the defendants were generated by malice, which under section 3(b)(2) of the act, would preclude the act's protection.

We conclude that the deposition as to these matters should not be prohibited.

Finally, with reference to the request that inquiry into defendants' tax returns and net worth statements are not discoverable matters, this determination shall be reserved.

In Pater v. Tomsic, 57 D. & C. 2d 340 (1972), the court noted that, where punitive damages are alleged, discovery of a defendant's financial affairs will be allowed. In that case, however, even though punitive damages were requested, the court did not allow discovery in this area, since the damages arose out of a vehicle accident and the court found that punitive damages are rare on such claims and felt that punitive damages must not only be averred but be substantiated before discovery of this nature would be allowed. In this context, the court said, at page 342:

"We believe that the pitfalls and abuses that could result by opening the door to discovery of this nature exceed the benefits that could be derived therefrom. To permit discovery of assets on the basis of averments in a complaint would permit every plaintiff to routinely plead exemplary damages in automobile cases with consequential harassment, possible invasion of privacy and other deleterious effects on defendants. In our view, that would violate the spirit and intent of discovery proceedings."

In this case, although punitive damages are requested, until the depositions on all other matters are completed, it is premature to make a determination as to whether defendants should be required to make disclosures concerning their net worth and earnings. If such discovery is desired after all of the other discovery is completed, we will consider further ruling upon request with briefs supporting the parties' positions.

Accordingly, we enter the following

## ORDER

And now, August 24, 1978, defendants' motion for a prohibitive order is refused and denied with the exception that the plaintiff is prohibited from seeking disclosure of income tax returns and financial reports for the years 1972-1975 of the defendants in accordance with the attached opinion.

An exception is granted to all parties.